Stacy A. Bradfield, Esq., Bar No. 218927
sbradfield@bgsplaw.com
Katherine M. Harwood, Esq., Bar No. 225202
kharwood@bgsplaw.com
Linh T. Cao, Esq., Bar No. 309686
lcao@bgsplaw.com
BEHAR | GIBBS | SAVAGE | PAULSON
One World Trade Center
Twenty-Seventh Floor
Long Beach, California 90831-2700
(562) 983-2500; (562) 983-2555 Fax

Attorneys for Defendant,
HOBBY LOBBY STORES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| SILVIO PIETRANTONIO and LORI PIETRANTONIO,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>HOBBY LOBBY STORES, INC. and DOES 1 TO 20, Inclusive,<br><br>　　　　Defendants. | ) Case No.<br>) Underlying Case No. 25NNCV04905<br>) (Los Angeles Superior Court)<br>)<br>) **NOTICE OF REMOVAL TO**<br>) **FEDERAL COURT AND**<br>) **DECLARATION OF KATHERINE M.**<br>) **HARWOOD, ESQ.**<br>)<br>) Complaint Filed: July 14, 2025<br>)<br>) |

**TO THE HONORABLE COURT, PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that defendant, HOBBY LOBBY STORES, INC. ("Defendant" or "Hobby Lobby"), an Oklahoma corporation, hereby removes this action from Superior Court of the State of California, County of Orange to the United States

**1**
**NOTICE OF REMOVAL TO FEDERAL COURT**

District Court for the Central District of California, Western Division pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 on the basis of diversity jurisdiction.

## **PROCEDURAL POSTURE AND BACKGROUND**

1. On or about July 14, 2025, plaintiff SILVIO PIETRANTONIO commenced this action by filing an unlimited civil complaint in the Superior Court of the State of California, County of Los Angeles entitled *Silvio Pietrantonio v. Hobby Lobby Stores, Inc., et al,* Case No. 25NNCV04905. The complaint alleges two causes of action for premises liability and general negligence arising out of an accident that allegedly occurred on May 21, 2024, at a Hobby Lobby store located at 641 N. Victory Blvd., Burbank, California 91502. (Harwood Dec., ¶ 2.)

2. On or about May 21, 2026, plaintiffs SILVIO and LORI PIETRANTONIO (collectively, "Plaintiffs") filed a first amended complaint ("FAC"), alleging causes of action for negligence, premises liability and loss of consortium. (Id. at ¶ 3.)

3. The FAC names as defendants Hobby Lobby, MARIBEL GONZALES and 20 fictitiously identified DOE defendants. (Id. at ¶4.)

4. On June 4, 2026, the Court dismissed defendant MARIBEL GONZALES from the action, the only defendant purportedly residing in California. (Id.)

5. On or about June 9, 2026, Hobby Lobby filed an answer to the FAC. (Id.)

6. At the time of filing this removal, only one defendant, Hobby Lobby, has been properly named and served. (Id.)

## **AUTHORITY**

7. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (28 U.S.C. § 1441(a).) "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." (28 U.S.C. § 1332(a)(1).) For purposes of determining the

**2**
**NOTICE OF REMOVAL TO FEDERAL COURT**

existence of diversity jurisdiction, citizenship of the parties is determined with reference to the facts as they existed at the time of filing the suit. (*Grupo Dataflux v. Atlas Global Group, LP,* 541 U.S. 567, 569-570 (2004).)

8.    Under 28 U.S.C. § 1441(b), the citizenship of fictitious defendants (i.e., DOE defendants) must be disregarded for purposes of removal. (*See also Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690 (9th Cir. 1998); and *Rojas by and through Rojas v. Sea World Parks & Entertainment, Inc.*, 538 F. Supp.3d 1008, 1013 and 1018 (SD CA 2021) (Based on the express language of § 1441(b) and its legislative history, the court rejected plaintiff's argument that the court distinguish between real party "Does" and fictitious "Does," irrespective of allegations in the complaint that give a definite clue as to the identity of the fictitious defendant and citizenship).)

## PLEADINGS AND DOCUMENTS PRODUCED

9.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A.**

## TIMELINESS OF REMOVAL

10.    Pursuant to 28 U.S.C. § 1446(b)(1), the notice of removal shall be filed within 30 days after receipt by the Defendant of a copy of the initial pleading. However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant…of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (28 U.S.C. § 1446(b)(3).)

11.    This case first became removable upon the dismissal of defendant MARIBEL GONZALES on June 4, 2026, and there was no basis for removal prior. (Harwood Dec., ¶ 4.)

12.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because it is being made within thirty (30) days after issuance of the Court's June 4, 2026 Order dismissing defendant MARIBEL GONZALES. (Id.)

**3**
**NOTICE OF REMOVAL TO FEDERAL COURT**

13.    This Notice of Removal is also timely under 28 U.S.C. § 1446(c)(1) since it is being filed within one (1) year of the commencement of this action.

## AMOUNT IN CONTROVERSY

14.    The amount in controversy exceeds $75,000 because Plaintiff seeks damages for personal injuries, including past medical expenses of approximately $68,000, future medical expenses, pain and suffering, and emotional distress. As a result of the incident, Plaintiff alleges a head injury, left knee sprain, right shoulder sprain, right shoulder arthropathy, severe rotator cuff tears, and lumbar spine injuries with treatment including urgent care, imaging, orthopedic consultations and surgery, chiropractic treatment and post-operative physical therapy and ongoing care. Plaintiff's Statement of Damages identifies past and future medical special damages exceeding $300,000. Plaintiff also served a prelitigation policy-limits demand. Thus, based on Mr. Pietrantonio's claims alone, the amount in controversy exceeds the jurisdictional threshold. (Harwood ¶ 5.)

15.    Because Mr. Pietrantonio's claims alone place more than $75,000 in controversy, the Court has original jurisdiction under 28 U.S.C. § 1332(a). Ms. Pietrantonio's derivative loss of consortium claim arises from the same nucleus of operative facts and falls within the court's supplemental jurisdiction under 28 U.S.C. § 1367 because it arises out of the same case and controversy and Mr. Pietrantonio's claims. (See *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 549. 566-567 (2005).)

## CITIZENSHIP OF PARTIES

16.    There are only three named parties to this case: Plaintiff, his wife and Hobby Lobby.

17.    At all relevant times, including at the time of filing the Complaint, plaintiffs have been citizens of the State of California, as demonstrated by the following: (a) both plaintiffs have continuously resided in California for at least the last 20 years and have not resided in any other state; (b) at all relevant times, plaintiffs maintained active and valid California driver's licenses, bearing California home addresses and demonstrating

**4**

**NOTICE OF REMOVAL TO FEDERAL COURT**

California residency; (c) at all relevant times, plaintiffs have had California telephone numbers (bearing California area codes); (d) all medical treatment administered to Plaintiff for his alleged injuries in this case was provided in California; (f) at all relevant times, both plaintiffs have been registered to vote in the State of California; and (g) for more than 10 years, plaintiffs have only been employed in California. (Harwood Dec., ¶ 6.)

18. Currently, and at all relevant times, Defendant has been a citizen of the State of Oklahoma, as both its place of incorporation and principal place of business are in Oklahoma. (Id. at ¶ 7.)

19. There are no other defendants or plaintiffs in this action. The defendants identified as "Does" in plaintiffs' FAC are merely fictitious parties who have not been properly named or served and may be disregarded for purposes of determining diversity jurisdiction. (28 U.S.C. § 1441(b).)

20. This Court has original jurisdiction over Plaintiff Silvio Pietrantonio's claims pursuant to 28 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff Lori Pietrantonio's derivative loss of consortium claim arises from the same case or controversy and is within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Accordingly, pursuant to 28 U.S.C. §§ 1332, 1367, 1441 and 1446, removal of this action from the Superior Court of California, County of Los Angeles to the United States District Court for the Central District of California, Western Division is proper.

21. Removal of this action to this Court is proper under 28 U.S.C. § 1441(a) because the Superior Court of California, County of Los Angeles, where this action was originally filed, is located within the Central District of California, the federal judicial district embracing the place where the action is pending. (Harwood Dec., ¶¶ 2-3.)

## FILINGS WITH STATE COURT

22. Counsel for Defendant hereby certifies that they will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court of California,

**5**

**NOTICE OF REMOVAL TO FEDERAL COURT**

County of Los Angeles, as required by 28 U.S.C. § 1446, and give notice of same to plaintiffs.

23.    No previous application for the relief sought herein has been made to this Court or any other Court.

**WHEREFORE,** Defendant hereby removes this action from the Superior Court of the State of California, County of Los Angeles to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Dated:  June 26, 2026                    BEHAR | GIBBS | SAVAGE | PAULSON


                              BY: __/s/ *Katherine M. Harwood*_____
                                   STACY A. BRADFIELD
                                   KATHERINE M. HARWOOD
                                   LINH T. CAO
                                   Attorneys for Defendant,
                                   HOBBY LOBBY STORES, INC.

**6**
**NOTICE OF REMOVAL TO FEDERAL COURT**

## <u>DECLARATION OF KATHERINE M. HARWOOD, ESQ.</u>

I, Katherine M. Harwood, declare as follows:

1. I am an attorney duly authorized and licensed to practice before this court, as well as all courts of the State of California. I am an attorney with the law firm of Behar, Gibbs, Savage, Paulson, LLP, counsel of record for defendant HOBBY LOBBY STORES, INC. ("Hobby Lobby" or "Defendant") in the above-captioned matter.  The information stated herein is true and correct and of my personal knowledge, unless stated on information and belief.  If called as a witness, I could and would testify competently to the matters declared herein.

2. **Complaint and First Amended Complaint:** On or about July 14, 2025, plaintiff SILVIO PIETRANTONIO ("Plaintiff") commenced this action by filing an unlimited civil complaint in the Superior Court of the State of California, County of Los Angeles entitled *Silvio Pietrantonio v. Hobby Lobby Stores, Inc., et al,* Case No. 25NNCV04905. The complaint alleges two causes of action for premises liability and general negligence arising out of an accident that allegedly occurred on May 21, 2024, at a Hobby Lobby store located at 641 N. Victory Blvd., Burbank, California 91502.

3. On or about May 21, 2026, plaintiffs SILVIO and LORI PIETRANTONIO filed a first amended complaint ("FAC"), alleging causes of action for negligence, premises liability and loss of consortium.

4. **Parties:** The FAC names as defendants Hobby Lobby, MARIBEL GONZALES and 20 fictitiously identified DOE defendants. On June 4, 2026, the Superior Court dismissed defendant MARIBEL GONZALES from the action, the only defendant purportedly residing in California. On or about June 9, 2026, Hobby Lobby filed an answer to the FAC. At the time of filing this removal, only one defendant, Hobby Lobby, has been properly named and served.

5. **Amount in Controversy:** The amount in controversy exceeds $75,000 because Plaintiff seeks damages for personal injuries, including past medical expenses of approximately $68,000, future medical expenses, pain and suffering, and emotional

7

**NOTICE OF REMOVAL TO FEDERAL COURT**

distress. As a result of the incident, Plaintiff alleges a head injury, left knee sprain, right shoulder sprain, right shoulder arthropathy, severe rotator cuff tears, and lumbar spine injuries with treatment including urgent care, imaging, orthopedic consultations and surgery, chiropractic treatment and post-operative physical therapy and ongoing care. Plaintiff's Statement of Damages identifies past and future medical special damages exceeding $300,000. Plaintiff also served a prelitigation policy-limits demand. Thus, based on Mr. Pietrantonio's claims alone, the amount in controversy exceeds the jurisdictional threshold.

6. **Citizenship of Plaintiff:** At all relevant times, including at the time of filing her Complaint, plaintiffs have been citizens of the State of California. I have reviewed public records searches, Mr. Pietrantonio's discovery responses, and materials produced by plaintiffs' attorney. Based on these materials, at all relevant times, including at the time of filing the Complaint, Plaintiffs were, and are, residents and citizens of the State of California, as demonstrated by the following: (a) both plaintiffs have continuously resided in California for at least the last 20 years and have not resided in any other state; (b) at all relevant times, plaintiffs maintained active and valid California driver's licenses, bearing California home addresses and demonstrating California residency; (c) at all relevant times, plaintiffs have had California telephone numbers (bearing California area codes); (d) all medical treatment administered to Plaintiff for his alleged injuries in this case was provided in California; (f) at all relevant times, both plaintiffs have been registered to vote in the State of California; and (g) for more than 10 years, plaintiffs have only been employed in California.

7. **Citizenship of Defendant:** Hobby Lobby Stores, Inc. is incorporated in Oklahoma with its principal place of business in Oklahoma City, OK. Hobby Lobby has maintained its principal place of business in Oklahoma at all relevant times, including, without limitation, at the time of Plaintiff's alleged accident and at the time of the filing of his complaint and FAC in this action.

**NOTICE OF REMOVAL TO FEDERAL COURT**

8.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings and documents filed and served to date on Defendant in this action are attached hereto, collectively, as **Exhibit A.**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

DATE:   June 26, 2026                                    _____

Katherine M. Harwood, Declarant

**9**

**NOTICE OF REMOVAL TO FEDERAL COURT**